# IN THE UNTIED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| **JUDITH THOMPSON,** Trustee for ) <br> The Bankruptcy Estate of ) <br> **MELISSA D. GLOVER;** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> **LYNDON SOUTHERN** ) <br> **INSURANCE COMPANY,** ) <br> A corporation, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO.: <br><br> **JURY TRIAL DEMANDED** |

# C O M P L A I N T

## PARTIES

1. Plaintiff, **JUDITH THOMPSON,** is the duly appointed Trustee for the Bankruptcy Estate of **MELISSA D. GLOVER**, (hereafter **"GLOVER"**), presently pending the U.S. Bankruptcy Court for the Northern District of Alabama, Northern Division bearing Case Number 21-80565-CRJ7. Plaintiff, **JUDITH THOMPSON,** is over the age of nineteen (19) years, and is a resident-citizen of Morgan County, Alabama.  Plaintiff **JUDITH THOMPSON** brings this action in her capacity as the real party in interest with respect to all causes of action held by **GLOVER** at the time **GLOVER** filed for Chapter 7 bankruptcy protection. *Bickford v. Ponce de Leon Care Ctr.*, 918 F.Supp. 377 (M.D. Fla. 1996); *Ex parte Moore*, 793 So.2d 762 (Ala.

1

2000); *see* 11 U.S.C. § 541(a)(1).

2. Defendant, **LYNDON SOUTHERN INSURANCE COMPANY,** **(**hereafter **"LYNDON SOUTHERN")** is a foreign corporation, incorporated in Delaware and having its principal place of business in Florida.  At all times material to the allegations in this complaint, **LYNDON SOUTHERN** was licensed to and did sell insurance policies throughout Alabama.

## JURISDICTION & VENUE

3. Jurisdiction is founded under the provisions of 28 U.S.C. § 1332 (a), et seq. which grants this court jurisdiction in civil actions on the basis of diversity of citizenship where the matter in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00). Complete diversity exists between Plaintiff and Defendant, and Plaintiff's claims vastly exceed the amount of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this jurisdiction pursuant to 28 USC § 1391(a)(2) which provides venue is appropriate in a jurisdiction "in which a substantial part of the events or omissions giving rise to the claim occurred."  In the instant case, the subject accident, ensuing litigation and subsequent trial (the "Underlying Case") giving rise to these claims occurred in Morgan County, Alabama, the judgment was entered in Morgan County, Alabama, and the bankruptcy was filed in the Northern District of Alabama, Northern Division.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff re-adopts and alleges all preceding paragraphs as if fully set forth herein.

6. At all times material hereto, there existed a contract for auto liability insurance issued by **LYNDON SOUTHERN** and insuring **GLOVER**, which was in full force and effect and provided **GLOVER** with automotive liability insurance coverage at statutory minimum amount of $25,000.

7. On April 10, 2018, **GLOVER** was driving east on Thompson Road in or around the City of Hartselle, Morgan County, Alabama when she collided with the rear of **STEVEN W. HARGROVE's** (hereinafter **"HARGROVE"**) vehicle. **HARGROVE** was standing outside his vehicle, and the crash by **GLOVER**'s vehicle caused **HARGROVE** to be pinned between his vehicle and another vehicle.

8. The crash caused severe and traumatic injuries to **HARGROVE**, including but not limited to: significant and permanent physical injuries and disabilities and pain and injuries to various portions of his body.

9. At all times relevant to these claims, **GLOVER** cooperated with **LYNDON SOUTHERN** and fulfilled all of her duties and obligations under the **LYNDON SOUTHERN** policy.

10. Prior to filing suit, **HARGROVE**, by and through his counsel, notified **LYNDON SOUTHERN** in writing that **HARGROVE** was making a claim against

its insured **GLOVER** for the injuries **HARGROVE** sustained in the April 10, 2018, car accident.

11. **LYNDON SOUTHERN** immediately denied **HARGROVE'S** claim without having conducted any investigation or evaluation beyond review of the Alabama Uniform Traffic Crash Report, which in fact had listed **GLOVER** as the primary contributing driver and the primary contributing circumstance as "misjudge stopping distance."

12. Also prior to filing suit, **HARGROVE**, by and through his counsel, wrote **LYNDON SOUTHERN** multiple times offering to release **GLOVER** from any and all claims which could be brought by **HARGROVE** arising out of the April 10, 2018 accident in exchange for the payment of **GLOVER's** applicable policy limits with **LYNDON SOUTHERN**.

13. In response, however, **LYNDON SOUTHERN** negligently, wantonly, recklessly and willfully refused to pay its policy limits to settle **HARGROVE's** claims against **LYNDON SOUTHERN's** insured, **GLOVER**.

14. On October 18, 2018, **HARGROVE** was forced by **LYNDON SOUTHERN** to file suit against **GLOVER** in the Circuit Court of Morgan County, Alabama. The case was captioned *Steven W. Hargrove v. Melissa D. Glover*, CV-18 900520.

15. Defendant **LYNDON SOUTHERN** undertook the defense of the

lawsuit, and **GLOVER** continued to fulfill her obligations under the insurance policy, answering discovery, sitting for deposition and participating at trial.

16. *Steven W. Hargrove v. Melissa D. Glover*, CV-18 900520, proceeded to jury trial in Morgan County, Alabama on February 25, 2020. On February 27, 2020, the jury rendered a verdict in the amount of $400,000.00 for **HARGROVE** and against **LYNDON SOUTHERN's** insured **GLOVER**.

17. On July 13, 2020, a notice of appeal was filed on behalf of **GLOVER** with the Alabama Supreme Court. **LYNDON SOUTHERN** refused to post a supersedeas bond to stay execution of judgment against **GLOVER** during the pendency of the appeal. On February 12, 2021, the jury verdict against **GLOVER** became final when it was affirmed without opinion, and a certificate of judgment was entered by the Alabama Supreme Court.

18. On March 30, 2021, at the exact moment **HARGROVE's** counsel was to begin a post-judgment deposition of **GLOVER** seeking discovery of **GLOVER's** assets (including but not limited to any negligent/bad faith failure to settle claims against **LYNDON SOUTHER)**, **GLOVER** filed for Chapter 7 bankruptcy protection in order to stay collection efforts against her and the very deposition which had been properly noticed to take place at the time of said filing.

## COUNT I

## Negligent/Wanton Failure to Investigate and Settle

19. Plaintiff re-adopts and re-alleges all preceding paragraphs as if fully set forth herein.

20. In making a decision not to settle, an insurer must exercise reasonable care or ordinary care; that is, such care as a reasonably prudent insurer would have exercised under the same or similar circumstances.

21. Based upon the information provided to **LYNDON SOUTHERN** pre-suit, as well as information readily obtainable *via* even a cursory investigation, **LYNDON SOUTHERN** should have recognized that **HARGROVE** could establish liability against **LYNDON SOUTHERN's** insured **GLOVER**.

22. Even if liability was questionable, based upon the information provided to **LYNDON SOUTHERN** pre-suit, as well information readily obtainable *via* even cursory investigation, **LYNDON SOUTHERN** should have recognized that the potential recoverable damages in **HARGROVE's** claims against **GLOVER** grossly exceeded the limits of coverage available to **GLOVER**.

23. In disregarding these factors, **LYNDON SOUTHERN** negligently and/or wantonly failed to exercise reasonable care in refusing to properly investigate, evaluate and/or settle **HARGROVE's** claim against **GLOVER** within policy limits.

24. Even after it was clear to **LYNDON SOUTHERN** that it should have

settled the case when it had a chance, **LYNDON SOUTHERN** negligently and/or wantonly refused to make any effort to resolve the case for any amount beyond its minimal indemnity limits, including refusing to supersede the entire judgment.

25. **LYNDON SOUTHERN** negligently and/or wantonly failed to hire, train and/or supervise its employees and/or representatives involved in the handling of **HARGROVE's** claim and/or otherwise incentivized said employees and/or representatives in a manner that caused/ allowed the wrongful conduct otherwise specified throughout this complaint.

26. As a result of **LYNDON SOUTHERN**'s negligence and/or wantonness in failing to properly investigate and evaluate **HARGROVE's** claims against **GLOVER** and failing to timely pay policy limits to settle those claims, **GLOVER** and consequently **JUDITH THOMPSON** has suffered the following harms and losses:

   A. Mental anguish and stress associated with being pursued for enormous damages well in excess of the available limits of coverage. This includes the stress and anguish associated with being sued, going through discovery, enduring a trial, and having a large verdict and judgment issued against her, and being compelled to file for Chapter 7 bankruptcy as a result of the excessive judgment rendered against her.

   B. Being personally liable and responsible for paying the judgment, post-judgment interest, associated costs and attorney's fees.

C.  Filing bankruptcy which adversely affects her credit and financial future.

WHEREFORE, Plaintiff demands judgment against Defendant awarding compensatory damages in an amount in excess of the jurisdictional limits of this Court to be determined by a jury which will fairly and adequately compensate the Plaintiff for the above described damages and injuries, punitive damages in an amount which adequately reflects the enormity of Defendant's wrongful conduct and which will prevent other similar or wrongful conduct, together with pre- and post-judgment interest, costs and attorneys' fees.

## COUNT II

### Bad Faith Failure to Investigate and Settle

27. Plaintiff re-adopts and re-alleges all preceding paragraphs as if fully set forth herein.

28. At all times relevant to Plaintiff's claims, **LYNDON SOUTHERN** was on notice of the fact that **HARGROVE's** potential damages grossly exceeded the limits of coverage available to **GLOVER** under her policy of insurance.

29. With that knowledge, **LYNDON SOUTHERN** acted in Bad Faith when it wrongfully refused to properly investigate, evaluate, pay, manage and/or settle the claim made by **HARGROVE** against its insured **GLOVER**, in particular:

A.  If **LYNDON SOUTHERN** did conduct a reasonable investigation into

      the facts of the subject crash, it knowingly and intentionally placed its insured in a position of extreme peril by repeatedly ignoring and evading **HARGROVE's** demands for **GLOVER's** policy limits.

B.   **LYNDON SOUTHERN** failed to conduct a competent investigation of the facts surrounding the subject crash and **HARGROVE's** injuries, despite knowing that its insured was grossly underinsured with respect to **HARGROVE's** claims.

C.   **LYNDON SOUTHERN** wrongfully refused to settle the claim despite having failed to conduct a competent investigation of the facts surrounding the subject crash and **HARGROVE's** injuries, and despite knowing that its insured was grossly underinsured with respect to **HARGROVE's** claims.

D.   **LYNDON SOUTHERN** placed its interest ahead of its insured's by exposing her to massive liability in the hopes that it would avoid having to pay **LYNDON SOUTHERN's** relatively meager policy limits, some portion thereof, or even the expense of a competent investigation.

E.   **LYNDON SOUTHERN** failed to adequately and timely communicate **HARGROVE'** policy limits demand(s) to its insured **GLOVER**, and failed to advise it's insured to seek additional counsel to protect her own interest and/or otherwise take measures of her own to protect her

9

interests.

F. **LYNDON SOUTHERN**'s conduct in failing to settle **HARGROVE**'s claims within the applicable policy limits when it had the chance was arbitrary, inflexible and completely indifferent to **GLOVER**'s interests.

G. Even after **LYNDON SOUTHERN** intentionally and/or recklessly allowed **HARGROVE's** pre suit policy limits demands to expire and **LYNDON SOUTHERN** knew that **LYNDON SOUTHERN** had intentionally and/or recklessly exposed its insured to a financially devastating excess judgment, **LYNDON SOUTHERN** still intentionally and/or recklessly endangered its insured by refusing to make any effort to resolve the case for any amount beyond its minimal indemnity limits, including refusing to supersede the entire judgment.

H. **LYNDON SOUTHERN** wrongfully failed to hire, train and/or supervise its employees and/or representatives involved in the handling of **HARGROVE's** claim and/or otherwise incentivized said employees and/or representatives in a manner that caused/ allowed the wrongful conduct otherwise specified throughout this complaint.

30. As a result of **LYNDON SOUTHERN**'s bad faith in (1) choosing not to investigate **HARGROVE's** claims, (2) ignoring the results of any investigation that it did conduct, (3) wrongfully denying the claim, (4) failing to make any reasonable offer

to settle **HARGROVE's** claims until it was too late to do so, and (5) failing to properly manage the claim, **GLOVER** has suffered the following harms and losses:

> A. Mental anguish and stress associated with being pursued for enormous damages well in excess of the available limits of coverage. This includes the stress and anguish associated with being sued, going through discovery, enduring a trial, and having a large verdict and judgment issued against her, and being compelled to file for Chapter 7 bankruptcy as a result of the excessive judgment rendered against her.
>
> B. Being personally liable and responsible for paying the judgment, post-judgment interest, associated costs and attorney's fees.
>
> C. Filing bankruptcy which adversely affects her credit and financial future.

WHEREFORE, Plaintiff demands judgment against Defendant awarding compensatory damages in an amount in excess of the jurisdictional limits of this Court to be determined by a jury which will fairly and adequately compensate the Plaintiff for the above described damages and injuries, punitive damages in an amount which adequately reflects the enormity of Defendant's wrongful conduct and which will prevent other similar or wrongful conduct, together with pre- and post-judgment interest, costs and attorneys' fees.

                                              s/Robert P. Bruner
                                              **ROBERT P. BRUNER (ASB-7673-B50B)**
                                              **DAVID L. BRUCE (ASB-1273-V42H)**
                                              Attorneys for Plaintiff

OF COUNSEL:

**BELT & BRUNER, P.C.**
880 Montclair Rd., Ste 300
Birmingham, AL  35203
Phone: (205) 933-1500
Fax: (205) 933-5500
robertb@beltlawfirm.com
davidb@beltlawfirm.com

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all counts herein in this action.

                                              s/Robert P. Bruner
                                              OF COUNSEL

## REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

Attorney for Plaintiff hereby requests that the Clerk serve the Defendant by certified mail, return receipt requested at the addresses listed below.

**Lyndon Southern Insurance Company**
Corporate Creations Network, Inc.
4000 Eagle Point Corporate Drive
Birmingham, AL 35242

                                      s/Robert P. Bruner
                                      OF COUNSEL